**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vincent CURRIE, Defendant–**
**Appellant.**

No. 03–5702.

United States Court of Appeals,
Sixth Circuit.

April 27, 2004.

Jennifer L. Webber, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

April R. Goode, Asst. F.P. Defender, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before: MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.*

## ORDER

Vincent Currie, a federal prisoner, appeals the sentence imposed upon his conviction for being·a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An indictment charged Currie with two counts of being a felon in possession of a firearm; each count was subject to a statutory maximum sentence of ten years in prison. He pleaded guilty to Count 2, pursuant to a written plea agreement in which there was no agreement as to sentence. The district court sentenced Currie on May 2, 2003, to 120 months in prison, followed by three years of supervised release. Currie's total offense level of 27 and criminal history category of VI resulted in a guidelines sentencing range of 130–162 months, which was revised to the statutory maximum of 120 months.

On appeal, Currie argues that the district court erred by increasing his offense level by four pursuant to USSG § 2K2.1(b)(5) for possessing the firearm in connection with another felony.

This court reviews for clear error the district court's factual findings, and accords "due deference" to its determination that the § 2K2.1(b)(5) enhancement applies. *United States v. Burke*, 345 F.3d 416, 426–27 (6th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1731, 158 L.Ed.2d 412 (2004) (No. 03–9091); *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir.2001). The government has the burden of proving the underlying facts by a preponderance of the evidence. *United States v. Hardin*, 248 F.3d 489, 495 (6th Cir.2001). The government must also show by a preponderance of the evidence that there was a nexus between the firearm and the other felony offense. *Ennenga*, 263 F.3d at 503.

Upon review, we conclude that the district court did not err in finding that the government has met its burden in this case. Section 2K2.1(b)(5) of the U.S. Sentencing Guidelines provides for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." " 'A firearm is used or possessed "in connection with" an offense if the weapon facilitated or potentially facilitated the felonious conduct, or emboldened the defendant during the felonious conduct.' " *United States v. Carter*, 355 F.3d 920, 925 (6th Cir.2004) (quoting *United States v. Spurgeon*, 117 F.3d 641, 644 (2d Cir.1997)). This court has concluded that the government has established a sufficient connection with a felony drug offense " 'if it reasonably appears that the firearms found on the premises controlled or owned by a defendant

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction.' " *Ennenga*, 263 F.3d at 503 (quoting *United States v. Henry*, 878 F.2d 937, 944 (6th Cir.1989)). Nevertheless, "[t]he firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Spurgeon*, 117 F.3d at 644.

The facts of this case are not in dispute. After hearing arguments from both sides, the district court ruled that the four-level enhancement was appropriate in this case, based upon Currie's admitted sale of crack cocaine while possessing the firearm. Currie argues that the gun was carried for his personal protection related to his cousin's murder and was not related to any drug trafficking. However, the district court could infer that Currie's possession of a gun while selling crack cocaine was not an accident or coincidence but, in fact, facilitated the crime. Thus, the district court did not err by applying the § 2K2.1(b)(5) enhancement in determining Currie's sentence.

Accordingly, the district court's judgment is affirmed.