**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0590n.06
Filed: July 12, 2005

**No. 04-5906**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KEVIN BERNARD PEARSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  **SILER and GIBBONS, Circuit Judges; LAWSON, District Judge**[*]

**PER CURIAM**.  Defendant Kevin B. Pearson pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He appeals his sentence of 235 months followed by three years of supervised release.  Because the district court erred when it sentenced him under the Sentencing Guidelines, we **REVERSE** and **REMAND** for resentencing.

**I.**

In July 2004, Pearson pled guilty to one count of being a felon in possession of a firearm after the government agreed to dismiss a charge of being in possession of a firearm with an obliterated serial number.  His prior felonies include robbery, burglary, aggravated burglary, aggravated assault, and escape.  He was arrested in connection with the shooting of an innocent

---

[*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

bystander at a convenience store in 2003. Although Pearson admitted to the police that he owned the firearm that was used at the shooting, he denied being the shooter.

Because Pearson's firearm possession charge was committed during the commission of another offense, the Sentencing Guidelines provide that he could be sentenced as if he committed the underlying crime, *i.e.*, attempted murder. This cross-reference, however, was not utilized because sentencing Pearson under the Armed Career Criminal Act ("ACCA") resulted in an even higher Guideline range. Pearson objected to the applicability of both the cross-reference and the ACCA. He claimed that both enhancements violated the Sixth Amendment because they rely on facts not proven beyond a reasonable doubt. The district court overruled the objections and sentenced Pearson to 235 months of imprisonment, the highest sentence in his Guideline range.

## II.

Sixth Amendment errors that have been preserved below are reviewed *de novo*, while error which has not been preserved is reviewed for plain error. *United States v. McDaniel*, 398 F.3d 540, 546 (6th Cir. 2005). Pearson preserved the Sixth Amendment challenge to his sentence by objecting to the sentencing enhancements below, and *de novo* review is warranted. However, because the district court also committed plain error, we will focus our discussion on the four-part plain error test articulated in *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005). We may reverse Pearson's sentence if there is error that is plain that affects his substantial rights. *Id.* at 378. If these conditions are met, we must still choose to exercise our discretion and reverse if the error "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997)).

No. 04-5906
United States v. Pearson

We need not determine the applicability of the ACCA in this case because error occurred when the district court sentenced Pearson under the Guidelines as if they were mandatory. *United States v. Hudson*, 405 F.3d 425, 444 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005). This error is now plain, *McDaniel*, 398 F.3d at 549, and we assume that the error affected Pearson's substantial rights because the record below does not contain the requisite "clear and specific evidence that the district court would not have, in any event, sentenced [him] to a lower sentence under an advisory Guidelines regime" if it were allowed to consider a broader array of sentencing factors. *Barnett*, 398 F.3d at 529.

We choose to exercise our discretion and reverse and remand this case for resentencing. "As our Court has observed in the wake of *Booker*, the court of appeals ought not assume that a defendant's sentence under the new discretionary sentencing regime would be the same and therefore that a remand is superfluous." *Hudson*, 405 F.3d at 444 (citing *Oliver*, 397 F.3d at 381 n.3). Because Pearson meets all four prongs of the plain error test, his case would also be remanded under *de novo* review.

**REVERSED** and **REMANDED**.