NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0370n.06
Filed: May 25, 2006

No. 05-5718

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| VINCENT CURRIE, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SUTTON and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

SUTTON, Circuit Judge. Vincent Currie, convicted of being a felon in possession of a firearm, challenges his 120-month sentence as unreasonable. We affirm.

I.

After Vincent Currie pleaded guilty to a felon-in-possession charge, *see* 18 U.S.C. § 922(g), the district court determined that his guidelines range was 130 to 162 months, then reduced his sentence to 120 months, the statutory maximum. This court affirmed his sentence, *United States v. Currie*, No. 03-5702, 2005 WL 954056 (6th Cir. Apr. 27, 2004), after which the Supreme Court

---

[*] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

granted Currie's petition for a writ of certiorari and remanded the case "for further consideration in light of *United States v. Booker*, [543 U.S. 220 (2005)]," *Currie v. United States*, 543 U.S. 1102 (2005). Treating the guidelines as advisory, the district court imposed the same 120-month sentence on remand. Currie appeals, claiming that the sentence is unreasonable.

II.

"[R]easonableness review," we have held, contains "both substantive and procedural components." *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) (emphasis removed). The district court must: (1) apprehend the advisory nature of the sentencing guidelines, *Booker*, 543 U.S. at 245–46; (2) "consult" the now-advisory guidelines, *id.* at 264; (3) properly calculate the guidelines range, 18 U.S.C. § 3742(f)(1), and find any facts necessary to support the guidelines calculation, *United States v. Orlando*, 281 F.3d 586, 600–01 (6th Cir. 2002); and (4) consider the factors listed in 18 U.S.C. § 3553(a), *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). "[T]o allow for reasonable appellate review," the district court then must "articulate its reasoning in deciding to impose [the] sentence," though it need not "recite" all of the § 3553(a) factors in checklist form. *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). A sentence that satisfies these procedural requirements and falls within the advisory guidelines range receives a rebuttable presumption of reasonableness on appeal. *United States v. Williams*, 437 F.3d 706, 708 (6th Cir. 2006).

Applying these principles to Currie's case, we conclude that the district court imposed a

sentence that was both substantively and procedurally reasonable. The court understood the advisory nature of the guidelines, *see* JA 29a ("The United States Supreme Court says the Guidelines are valid constitutionally under the Sixth Amendment because they are advisory."), and understood that it had discretion to exercise independent judgment to sentence Currie outside the advisory guidelines range, *see* JA 41 ("So that's what a Guideline sentence would be. The Guidelines, of course, are advisory."); JA 48 ("It is hard to get, given the nature of this offense and the criminal history, any lower than I went before, even on an advisory basis, even understanding that I have authority to do it."). The court engaged in the factfinding necessary to support the guidelines calculation, *see* JA 39 (finding that Currie admitted to selling crack cocaine and possessing a weapon), and accurately calculated the guidelines range. It also noted that after calculating the guidelines range it was required to consider the other § 3553(a) factors, *see* JA 29–30 ("[T]he court is required to consider the Guideline calculation first, and subsequently required to consider any other potential sentence within federal law, specifically, Section 3553, if the Guideline sentence is unreasonable, or arguably if the other sentence would be more reasonable."), which it in fact did.

The court acknowledged that since Currie's previous sentencing he had earned his GED and several certificates of achievement. The court noted that Currie "ha[d] come a long way," "that he ha[d] moved on from" his past and that his record since his first sentencing hearing was "admirable." JA 43–44; *see* 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant). The court, however, also recognized that Currie had a long history of criminal activity, *see* § 3553(a)(1), and

that the circumstances of the offense were serious (selling cocaine while armed and eluding the police while in a stolen car), *see id.* (nature and circumstances of the offense); § 3553(a)(2)(A) (seriousness of offense). Currie's attorney asked that his client receive a non-guideline sentence, to which the court responded, "Well, let me look at 3553." JA 46; *see* § 3553(a)(3) (kinds of sentences available). The court then addressed the seriousness of the offense, whether the 120-month sentence was just punishment, the need to promote respect for the law, the sentence's deterrent effect and Currie's criminal history, *see* § 3553(a)(2)(A), (B), all of which, the court concluded, "weigh in favor of the Guideline sentence, or a sentence that is within the Guidelines and the statute," JA 47.

Currie first argues on appeal that the court did not appreciate its discretion to issue a below-guidelines sentence. But the transcript from the sentencing hearing shows that the district court understood the advisory nature of the guidelines-recommended sentencing range, *see* JA 41 ("So that's what a Guideline sentence would be. The Guidelines, of course, are advisory."), and was well aware of its discretion to impose a different sentence, *see, e.g.*, JA 29–30 ("[T]he court is required to consider the Guideline calculation first, and subsequently required to consider any other potential sentence within federal law, specifically, Section 3553, if the Guideline sentence is unreasonable, or arguably if the other sentence would be more reasonable."); JA 33 ("[W]hile the Guidelines may be advisory, the Court is obligated first to calculate the Guidelines."); JA 48 ("It is hard to get, given the nature of this offense and the criminal history, any lower than I went before, even on an advisory basis, even understanding that I have authority to do it.").

Currie next argues, without any legal support, that his sentence was unreasonable in light of his good behavior in prison. But the district court acknowledged Currie's good behavior and, in exercising its post-*Booker* discretion, nonetheless concluded that it did not call for a sentence lower than 120 months. The district court did not act unreasonably in reaching this conclusion.

Currie, finally, argues that the court incorrectly believed that the 120-month sentence was well below the guidelines-recommended sentence and that this mistaken assumption prompted the court to refuse to give him a shorter sentence. We disagree with the premise of this argument and necessarily with its conclusion. The record shows that the court well understood that the advisory-guidelines sentence was 120 months. JA 40 ("[T]he Guideline calculation[] that the Court had before it before, [was] 130 to 162 months, restricted to 120 months."); JA 41 ("So it is 120 months restricted. . . . So that's what a Guidelines sentence would be.").

III.

For these reasons, we affirm.