NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0019n.06
Filed: January 8, 2007

No. 05-6736

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| v. | ) | District of Tennessee |
| | ) | |
| KEVIN PEARSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

Before:  BOGGS, Chief Judge; COOK, Circuit Judge; and ROSE, District Judge.[*]

PER CURIAM.  Kevin Pearson pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  He originally was sentenced to 235 months of imprisonment followed by three years of supervised release, but we reversed and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).  *See United States v. Pearson*, 143 F. App'x 662 (6th Cir. 2005).  On remand, the district court again sentenced Pearson to 235 months of imprisonment followed by three years of supervised release.  The only question on review is whether Pearson's sentence was reasonable in light of *Booker*.  We affirm.

I

---

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

Pearson's conviction arose from a shooting that took place in front of the Stop & Tell Quick Mart in Humboldt, Tennessee, on March 26, 2003. The shooting apparently erupted from an argument among Pearson and two other individuals. During the shooting, an innocent bystander, Donnie Ray Morris, was hit. He was sent to the hospital in critical condition. Witnesses indicated to officers that Pearson and another individual had been involved in the shooting. They identified Pearson as having brought a Sturm Ruger pistol to the scene. It is not clear who fired the shots.

The next day, officers spoke with Morris, the shooting victim. He could not identify the shooter. He did, however, identify Pearson and another individual by name. He did not recognize the third person involved in the shooting. Later that day, officers found Pearson underneath a trailer. A Sturm Ruger pistol was found underneath a board next to him. Officers took Pearson into custody.

Pearson eventually pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced Pearson based on Sentencing Guidelines calculations made in the Pre-Sentence Report. Those calculations gave Pearson a base offense level of 34 as an armed career criminal and placed Pearson in criminal history category VI. Based on those calculations, Pearson's guidelines range was 188-235 months. The district court sentenced him to 235 months of imprisonment and 3 years of supervised release.

Pearson appealed his sentence and this court reversed and remanded for resentencing in light of *Booker*, 543 U.S. 220, because the district court had treated the guidelines as mandatory. *See Pearson*, 143 F. App'x 662. On remand, the district court again sentenced Pearson to 235 months of imprisonment followed by three years of supervised release. Pearson does not challenge the

guidelines calculations employed by the district court.[1]  Thus, the only question on review is whether

his sentence was reasonable in light of *Booker*.

II

Under *Booker*, we review sentences for reasonableness.  *United States v. Webb*, 403 F.3d

373, 383 (6th Cir. 2005).  However, a district court's role is not to impose a "reasonable sentence."

Instead, a district court's mandate is to impose "a sentence sufficient, but not greater than necessary,

to comply with the purposes" of 18 U.S.C. § 3553(a)(2).[2]  *See* 18 U.S.C. § 3553(a) ("The court shall

impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth

in paragraph (2) of this subsection").  "Reasonableness is the appellate standard of review in judging

whether a district court" has fulfilled that mandate.  *United States v. Collington*, 461 F.3d 805,

807-08 (6th Cir. 2006) (citing *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

The Sixth Circuit's reasonableness test has substantive and procedural components.  "A

sentence may be considered substantively unreasonable when the district court select[s] the sentence

arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a)

factors or giv[es] an unreasonable amount of weight to any pertinent factor."  *Ibid.* (citing *Webb*, 403

---

[1]Pearson has not challenged the guidelines calculations that led to his being sentenced to 235 months of imprisonment.  We thus will not consider in our decision any guidelines-related issues. *See United States v. Sanders*, 404 F.3d 980, 989 (6th Cir. 2005).

[2]Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2).

F.3d at 383) (internal quotation marks omitted). "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Ibid.*

On appeal, the defendant argues that the district court "erroneously treated the guidelines range as presumptively reasonable" and that "the procedural error of the district court in failing to consider explicitly the sentencing factors of § 3553(a) requires that the case be remanded for resentencing." *Brief of Appellant*, at 7, 14. The first is a substantive reasonableness challenge and the second is a procedural one. Neither has merit.

A

Pearson first argues that the district court inappropriately treated a sentence within his guidelines range as presumptively reasonable. For that proposition, he cites two cases from this circuit: *Webb*, 403 F.3d 373, and *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006). In *Webb*, the court declined to hold that the guidelines range was "*per-se* reasonable." 403 F.3d at 385 n.9. In *McBride*, the court merely opined as to the procedural and substantive aspects of reasonableness review under *Booker*. 434 F.3d at 476 n.3. Neither case specifically held that a sentence within the applicable guidelines range is not presumptively reasonable.

Instead, a later panel of this court concluded that sentences within the guidelines range are presumptively reasonable. In *United States v. Williams*, this court wrote: "We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness. Such a presumption comports with the Supreme Court's remedial

decision in *Booker*." 436 F.3d 706, 707-08 (6th Cir. 2006) (citing, *inter alia*, *Booker*, 543 U.S. 220; *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)). As a consequence, it is now clear that within-guidelines sentences are accorded a presumption of reasonableness within this circuit.[3]

Moreover, Pearson has provided no evidence indicating his sentence is substantively unreasonable. As noted, a "sentence may be considered substantively unreasonable when the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *Collington*, 461 F.3d at 807-08. The district court neither considered any impermissible factors nor accorded undue weight to any single factor. Pearson also offered little or no evidence that would justify a lower sentence.[4] As such, the district court's decision was not substantively unreasonable.

B

Pearson also argues that the district court's imposition of sentence was procedurally unreasonable because the district court failed to consider expressly each § 3553(a) factor. We disagree.

---

[3]The Supreme Court recently granted certiorari in a case that presents the question of whether within-guidelines sentences can be accorded a presumption of reasonableness. *See Rita v. United States*, No. 06-5754, 2006 U.S. LEXIS 8362 (U.S. Nov. 3, 2006). The grant of certiorari in *Rita* does not affect the outcome of this case.

[4]Pearson's counsel argued only that Pearson had been attending school and working while in prison, and had participated in no recent fights.

No. 05-6736
*United States v. Pearson*

This circuit's procedural reasonableness inquiry hinges on whether the district court properly considered the factors laid out by 18 U.S.C. § 3553(a) before making its sentencing determination. *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005). The district court has a particular obligation "to communicate clearly its rationale for imposing the specific sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Although a district court must *consider* all of the § 3553(a) factors, *see Kirby*, 418 F.3d at 626, it need not engage in a "ritual incantation" of those factors. *Williams*, 436 F.3d at 708-09. Instead, district courts need only articulate their reasoning in a manner sufficient to allow for meaningful reasonableness review by appellate courts. *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) ("Such an analysis is necessary in order to enable this court to engage in a meaningful reasonableness review of federal criminal sentences in accordance with *Booker*."). *See also Williams*

436 F.3d at 708-09 (citing *Kirby*, 418 F.3d at 626); *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005).  Although the district court in this case did not expressly mention the § 3553(a) factors as "§ 3553(a) factors," the court considered in substantive terms the pertinent § 3553(a) factors before imposing sentence on Pearson.

With respect to § 3553(a)(1), the court considered the "nature and circumstances of the offense" when it considered the shooting that occurred the day before the defendant was arrested. Also, the district court appears to have been strongly influenced by the defendant's criminal history. At the pre-*Booker* sentencing hearing, the court said: "You have a long and violent criminal history. You have four separate violent felonies.  You are exactly the kind of person that Congress had in mind when they passed the armed career criminal statutes.  They want people like you put away for a long time.  So I'm going to – Because of your high criminal history score, I'm going to sentence you to . . . 235 months."  At the resentencing hearing, the court noted similarly that: "It seems to me that you ran some risk in filing this appeal because without the guidelines you run some risk of getting a sentence much greater than what the guidelines suggested initially given your long and violent criminal history and given the fact that there was [a] shoot-out in this case that involved someone being shot."  Thus, the court clearly considered the nature and circumstances of the offense, as well as Pearson's criminal history.

With respect to § 3553(a)(2), the court considered the seriousness of the circumstances surrounding the offense.  The court's comments about the defendant's violent history indicate that the court was concerned about protecting the public from further crimes by the defendant.  The

court's extensive discussion of the guidelines calculations from the PSR demonstrates that the court considered the applicable guidelines range. 18 U.S.C. § 3553(a)(4).

The court also considered, under § 3553(a)(3) and (a)(7), both the "kinds of sentences available" and whether Pearson could pay restitution to the victims, when it noted that Pearson had few assets from which to pay a fine. *Cf. Williams*, 436 F.3d at 708 ("In discussing Williams's inability to pay a fine and in recommending an institution close to West Tennessee so that Williams could be close to his family, the court took into account 'the kinds of sentences available.'") (citing *United States v. Hicks*, 152 F. App'x 803, 809 (11th Cir. 2005) (holding that the district court, in discussing the defendant's inability to pay a fine, addressed 'the kinds of sentences available'")). Despite Pearson's few assets, the court did order a $100 special assessment. The court also ordered drug rehabilitation and the submission of DNA. *Ibid.* While the district court did not designate a place of confinement, the court did note that, based on the length of Pearson's sentence, it would leave that determination to the Bureau of Prisons. Thus, the district court considered whether to pay restitution and the different kinds of sentences available. Taken together, those considerations by the district court amount to considerations of five out of the seven § 3553(a) factors.

To be sure, the district court did not refer expressly to the two other § 3553(a) factors: policy statements from the Sentencing Commission and sentencing uniformity. However, neither has any impact here. Pearson presented nothing indicating that the Sentencing Commission has issued a statement of policy bearing on his sentence. Moreover, although the district court failed to consider expressly the § 3553(a)(6) sentencing uniformity concern, that factor is also not at issue. The Sentencing Guidelines, which the district court did apply, take that concern into account. *See United*

*States v. Johnson*, 445 F.3d 339, 343 (4th Cir. 2006). Furthermore, given Pearson's high criminal history category and base offense level, most similarly situated defendants likely will receive similar sentences even under a regime in which the Sentencing Guidelines are advisory. Under these circumstances, it would be difficult for any district judge to conclude that Pearson's sentence undermines sentencing uniformity.

It should be noted that the district court never expressly made reference to Pearson's good behavior while incarcerated awaiting sentencing. Certainly, the district court was obligated to consider Pearson's argument. *Richardson*, 437 F.3d at 554. However, the factor to which that evidence presumably would have been relevant – "the history and characteristics of the defendant," *see* 18 U.S.C. § 3553(a)(1) – was demonstrably and extensively considered by the district court in this case. Moreover, good behavior while incarcerated need not be accorded substantial weight at sentencing. *See, e.g.*, *United States v. Gale*, No. 05-4204, 2006 U.S. App. LEXIS 28666, at *27 (6th Cir. Nov. 20, 2006) ("As for Gale's good conduct since the offense, the district court noted that during much of this period of time, Gale was either on probation related to an earlier offense or on bond related to the present offense. It was not unreasonable for the district court to place little weight on Gale's simply doing 'exactly what he has to do' under the terms of his probation and bond."); *United States v. Bowen*, Nos. 05-1706, 05-1795, 2006 U.S. App. LEXIS 23161, at *40 (6th Cir. Sept. 8, 2006) ("The arguments in favor of a below-Guidelines sentence consisted only of noting Hall's criminal history was based on rather old convictions he obtained at a young age and his good behavior while incarcerated during this case . . . ."); *United States v. Currie*, 183 F. App'x 536, 539

(6th Cir. 2006) ("Currie next argues, without any legal support, that his sentence was unreasonable in light of his good behavior in prison.").

As a result, it is evident that the district court provided enough reasoning to allow this court to conduct a meaningful reasonableness review. *Jackson*, 408 F.3d at 305. The court considered the pertinent § 3553(a) factors. Pearson offered the court little in rebuttal. His sentence was not procedurally unreasonable. *Williams*, 436 F.3d at 708-09 (citing *Johnson*, 403 F.3d at 816); *Kirby*, 418 F.3d at 626; *Contreras-Martinez*, 409 F.3d at 1242.

III

Pearson raises no challenges to his guidelines calculations on appeal. Instead, he challenges his sentence as both substantively and procedurally unreasonable under *United States v. Booker*, 543 U.S. 220. Pearson's arguments lack merit. We affirm.