NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0076n.06

No. 09-5958

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 04, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff -Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BILLY ROY EARLE, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN, BOGGS, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Defendant-Appellant Billy Roy Earle ("Earle") appeals the district court's finding that he violated the conditions of his supervised release, and the reasonableness of the sentence imposed.  We affirm.

## I.  Background

After serving a period of incarceration for stealing pain-killers from the mail, in violation of 18 U.S.C. § 1709, Earle began a three-year term of supervised release on August 17, 2007.  On June 16, 2009, a probation officer conducted a home visit and requested that Earle provide proof that he was not violating the terms of the prescription for his medication.  Earle provided the officer with a prescription bottle for hydrocodone obtained through a prescription that was filled on June 6, 2009.  According to the prescription label, the bottle should have contained sixty 7.5 milligram tablets to be taken twice a day (i.e., a thirty-day supply).  Although only ten days had elapsed since the

prescription was filled, the bottle was empty. Earle told the probation officer that he "was 'eating' more pills than he should have been," and therefore he had flushed the remaining pills down the toilet on June 13, 2009. Earle further explained to the officer that he sometimes went two to three days without taking any pills, and on some days he took three or four pills.

On June 22, 2009, Earle reported to the Probation Office for a follow-up visit. During the visit, Earle disclosed that he had consumed hydrocodone since the home visit. He explained that he had obtained the hydrocodone from an old prescription bottle that he kept at work, to which he had transferred some pills from the most recent prescription.

Based on these admissions, the Probation Office submitted a supervised release violation report to the district court alleging that Earle violated the conditions of his supervised release by using a controlled substance other than in a manner prescribed by a physician,[1] and by violating a state law against keeping a prescription in a container other than that in which it was delivered to him.[2]

---

[1] Standard Condition Number Seven of Earle's supervised release stated: "The defendant shall refrain from excess use of alcohol and *shall not* purchase, possess, *use*, distribute, or administer *any controlled substances* or any paraphernalia related to any controlled substances, *except as prescribed by a physician*." (Emphasis added).

[2] Another supervised release condition required that Earle "not commit another federal, state, or local crime." Kentucky Revised Statutes § 218A.210 (1992) states:

(1) A person to whom or for whose use any controlled substance has been prescribed, sold, or dispensed, by a practitioner or other person authorized under this chapter, may lawfully possess it only in the container in which it was delivered to him by the person selling or dispensing the same.

(2) Violation of subsection (1) of this section is a Class B misdemeanor for

At the initial hearing on the alleged supervised release violations, the district court confirmed that Earle and his attorney had received a copy of the Violation Report and had reviewed the alleged violations. The district court then informed Earle of his right to a formal hearing. Earle's attorney informed the court that Earle would stipulate to the report's allegations without a formal hearing. The court then addressed Earle directly:

> Mr. Earle, your attorney has indicated that you wish to waive a formal hearing, at which time evidence could be presented, and have the court make a determination based on the two violations, the acknowledgment that those violations have occurred.
> Is that the way you wish to proceed? Do you wish to acknowledge the violations have occurred, without a formal hearing?

After conferring with counsel, Earle responded "Yes, sir."

In discussing Earle's sentence, the district court noted that Earle's improper use of hydrocodone "present[s] a danger, both to Mr. Earle as well as to others," especially because he had performed manual labor while abusing the drug. The court rejected Earle's request for a sentence of home detention, stating it believed Earle would continue to abuse the medication while at home. The court then stated that it had considered the "circumstances in the case," "all of the factors that are relevant under Section 3553" including "the need to reflect the seriousness of the offense, promote respect for the law . . . provide a just punishment" and "deterrence and the need to protect the public and providing education, training, or other corrective treatment," and imposed a within-Guidelines sentence of six months. The court then asked if there was any objection to the sentence

the first offense and a Class A misdemeanor for subsequent offenses.

imposed or the proceedings pursuant to *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), to which Earle's attorney responded "No objections, your Honor."

## II. Analysis

Earle first claims that the district court erred in finding that he violated the terms of his supervised release. However, this claim was waived.

"Waiver is the 'intentional relinquishment or abandonment of a known right,' and these rights are not reviewable." *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (quoting *United States v. Olano*, 507 U.S. 725, 732-33 (1993)). "An attorney cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course." *Aparco-Centeno*, 280 F.3d at 1088 (quoting *United States v. Sloman*, 909 F.2d 176, 182 (6th Cir. 1990)). Here, the district court inquired whether Earle wished to have a hearing on the alleged violations of his supervised release, to which his counsel replied that Earle would "stipulate to the factual allegations in the violation packet and move [to] forego the final hearing." Any doubt whether the stipulation was to the actual violation or simply to the underlying facts was clarified by the court's inquiry whether Earle wished "to acknowledge the violations have occurred," and his affirmative answer. Further, after this concession, defense counsel's argument was addressed to

Earle's sentence, not whether his conduct constituted a violation of probation.[3]  Thus, Earle has

waived the argument that he did not violate his supervised release.

Earle also claims that the sentence imposed was unreasonably long.  We disagree.  "[A]

district court may revoke a defendant's term of supervised release and require the defendant to serve

a new term of imprisonment pursuant to 18 U.S.C. § 3583(e)." *United States v. Polihonki*, 543 F.3d

318, 322 (6th Cir. 2008).  A district court's sentence on revocation of supervised release is reviewed

for substantive and procedural reasonableness.  *Id.*

A district court commits significant procedural error by "failing to calculate (or improperly

calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §

3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain

the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

Earle does not assert that the district court committed procedural error.

Whether a sentence is substantively reasonable is assessed under the totality of the

circumstances.  *Id.*  A sentence is presumptively reasonable if it is within the Guideline range.

*United States v. Wilms*, 495 F.3d 277, 280-81 (6th Cir. 2007).  On the other hand, "[a] sentence is

---

[3]  Earle's own statement admitted the first violation, and he claimed ignorance of the law as to the second:

> Your Honor, the only thing I done was I took more than was prescribed.  The medicine that I kept in my locker was a legal bottle with my name on it and with some legal pills that come in it.
>
> Mr. Rains said that I violated the state and federal laws by doing that, but I didn't realize that I had.

'substantively' unreasonable if the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). "The fact that [this court] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Polihonki*, 543 F.3d at 322 (quoting *Gall*, 552 U.S. at 51).

Here, Earle's six-month sentence is presumptively reasonable because it is within the Guideline range, and Earle's argument that his "actions were not nefarious or criminal in nature" and therefore he did not deserve any term of incarceration does not rebut this presumption. Further, the district court fully explained its reasons for imposing the sentence it did, and considered the § 3553(a) factors. The court stated that Earle "needs continued supervision and treatment for his addiction," and that Earle's improper consumption of hydrocodone "present[s] a danger, both to Mr. Earle as well as to others," in part because his abuse of the drug at work did "not present a safe work environment." The district court explicitly addressed Earle's request for home detention and rejected it as insufficient because the district court thought Earle would continue to abuse pain medications if he was in his home. The district court addressed what it considered the "primary factors in this case . . . deterrence and the need to protect the public and providing education, training, or other corrective treatment," determined that "the violations are serious," "that a period of incarceration would be necessary in order to provide proper deterrence and to protect the public from the addiction

which Mr. Earle currently has," and concluded that, "considering all those factors . . . a sentence within the guideline range would be appropriate; again, in the middle of the guideline range, a term of incarceration for six months for the violation."

The court also added a supervisory release period of two-and-a-half years to "allow the defendant to enroll in any and all necessary programs to address his addictions" because "if he doesn't get those under control they will ruin his life." To facilitate that, the court stated its intention to "recommend that Mr. Earle serve the period of incarceration at a medical facility that's able to address the medical problems that he has."

The court's explanations are cogent and sufficient. Thus, we find that Earle's sentence was also substantively reasonable.

Based on the foregoing, we affirm the district court.