**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0739n.06

**No. 10-5525**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Nov 24, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff - Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| REGINALD LOMENICK, | ) | |
| | ) | **O P I N I O N** |
| Defendant - Appellant. | ) | |
| _____ | ) | |
| | ) | |

**Before:**   **KETHLEDGE and WHITE, Circuit Judges; and BECKWITH[*], Senior District Judge.**

**HELENE N. WHITE, Circuit Judge.**  Reginald Lomenick appeals the district-court order revoking his supervised release and imposing an additional sentence of two months of incarceration, followed by one year of supervised release, including an initial three-month period of home detention. Lomenick admits to violating the terms of his original supervised release. However, he challenges the sentence as unreasonable on the grounds that it was imposed just one week before the expiration of his original supervised-release period, and is excessive in length. We affirm.

_____

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

No. 10-5525
*United States v. Lomenick*

## I.

In February 2001, Lomenick pleaded guilty to one count of selling or distributing a controlled substance in violation of 21 U.S.C. § 841(a).  He was sentenced in July 2001 to 73 months' imprisonment followed by five years of supervised release.  The supervised release terms contained several special conditions, including that "defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," and that "defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." Lomenick completed his prison sentence and commenced his supervised release on April 15, 2005. The supervision period was scheduled to expire on April 14, 2010.

Following his release from prison, Lomenick secured a job with Aramark as a grill cook at the University of Tennessee at Chattanooga.  He has been continuously employed there since February 2006, with the exception of the summer months during which he has either worked other jobs, including training other Aramark employees and working as a landscaper, or collected unemployment compensation.

Random drug testing during his supervised release yielded several positive tests for narcotics. In 2005 and 2006, Lomenick tested positive for marijuana and cocaine in separate tests. Additionally, a number of his urine samples were deemed diluted and invalid after laboratory analysis.  As a result, he was placed in substance-abuse counseling, then a halfway house, and finally was ordered to spend 20 weekends in jail.  After completing the last of these sanctions, Lomenick

No. 10-5525
*United States v. Lomenick*

did not test positive for drug use again until late 2009.  Lomenick tested positive for marijuana once in December 2009 and once in January 2010.  As a result, he was placed on home detention until April 7, 2010.

On April 8, 2010, just one week before the end of his supervised-release period, Lomenick again tested positive for marijuana.  Lomenick was issued a summons and returned to court on April 22, where he admitted to violating the conditions of his supervised release prohibiting the use of controlled substances and association with persons engaged in criminal activity or convicted of a felony.  The court imposed a two-month sentence, followed by supervised release for one year, the first three months to be completed on home detention.  The court explained that it limited incarceration to two months, to be served during the summer, to allow Lomenick to return to work at his job at Aramark in the fall.

The judgment was filed on April 23, 2010.  Lomenick timely appealed.

## II.

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"  *United States v. Penson*, 526 F.3d 331, 336 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)) (alteration in original).  The parties agree that an abuse-of-discretion standard governs our review of both the procedural and substantive reasonableness of Lomenick's sentence.

## A. PROCEDURAL REASONABLENESS

Pursuant to 18 U.S.C. § 3583(e)(3), the district court has the power to "revoke a term of supervised release, and require the defendant to serve [time] in prison . . . if the court . . . finds by

No. 10-5525
*United States v. Lomenick*

a preponderance of the evidence that the defendant violated a condition of supervised release . . . ."

Lomenick admitted to violating conditions of his supervised release.  Therefore, the only question

on appeal is whether the sentence imposed is reasonable.   The Supreme Court has laid out typical

examples of procedural error in sentencing: "failing to calculate (or improperly calculating) the

Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

sentence-including an explanation for any deviation from the Guidelines range." *See Gall*, 552 U.S.

at 51; *see also Penson*, 526 F.3d at 336.

The district court properly calculated the Sentencing Guidelines range as between 5 and 11

months.  Neither party disputes the applicability of this Guidelines range.

In addition to properly calculating the Guidelines range, courts must also adequately consider

the factors listed in 18 U.S.C. § 3553(a).[1]  *United States v. Polihonki*, 543 F.3d 318, 323 (6th Cir.

_____

[1]The factors to be considered under 18 U.S.C. §3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of
the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law,
    and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training,
    medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category
    of defendant as set forth in the guidelines--
. . .
(5) any pertinent policy statement--
. . .

No. 10-5525
*United States v. Lomenick*

2008); *see also* 18 U.S.C. § 3583(e) (specifically applying § 3553 factors to revocation of supervised release).  "[A]lthough explicit mention of [the § 3553(a)]  factors may facilitate review, this court has never required the ritual incantation of the factors to affirm a sentence." *Polihonki*, 543 F.3d at 324 (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)).  Here, the district court noted that it "consider[ed] [the Guidelines] as well as various factors mentioned in . . . Section 3553(a)." It discussed several relevant considerations, including Lomenick's continuing "substance abuse problem" evidenced by the repeated positive tests for marijuana, and commented that the problem "is not being addressed," noting that "I'm considering your personal characteristics, your need for treatment."  The court also discussed Lomenick's positive work history, and acknowledged that Lomenick had "made it on supervised release up until the last week."  Finally, the court stated that "[t]here have to be some sanctions, because you've just kind of cruised along, and we've tried to work with you."

Although the court did not explicitly tie the above considerations to specific § 3553(a) factors, its general invocation of the factors and its discussion of considerations relevant to Lomenick's personal characteristics, his history of marijuana use over the course of his term of supervised release, the circumstances of his violation of supervised release, and his positive work history and near-completion of the original period of supervised release, all evidence consideration of the factors sufficient to overcome a procedural unreasonableness challenge.  *See Polihonki*, 543 F.3d at 324.  The court also attempted to structure Lomenick's sentence such that it would minimally

---

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

No. 10-5525
*United States v. Lomenick*

interfere with his job at Aramark by limiting jail time to two months during the summer, and provided for a program of testing and/or treatment for drug abuse, further evidencing consideration of relevant factors.

The court also adequately explained its chosen sentence. "[D]istrict courts are entitled to a great deal of deference in explaining a sentence that falls within the Guidelines." *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009). A court must explain its reasoning so as to enable appellate review, but once it has "explain[ed] *why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse–*why* an alternative sentence was *not* selected–in every instance." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006). The district court sufficiently explained the sentence imposed. Lomenick's procedural reasonableness challenge thus fails.

## B.  SUBSTANTIVE REASONABLENESS

If the sentence imposed is deemed procedurally reasonable, this court next looks to whether the sentence is substantively reasonable–that is, whether the sentence given is "greater than necessary to comply with the purposes of sentencing." *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). The "touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Recla*, 560 F.3d 539, 549 (6th Cir. 2009) (quoting *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008)). A sentence will be considered substantively unreasonable if it is arbitrary, based on impermissible factors, or based on the unreasonable weighting of any factor. *Id.* "This court applies a presumption of substantive reasonableness in reviewing sentences that are within the Guidelines range." *Polihonki*, 543 F.3d at 322 (citing *United*

No. 10-5525
*United States v. Lomenick*

*States v. Wilms*, 495 F.3d 277, 280-81 (6th Cir. 2007)).  Here, Lomenick's sentence was within the 5 to 11 month Guidelines range: two months of imprisonment plus three months of home detention, amounting to five months of confinement.  *See* U.S.S.G. § 7B1.3(c)(1).  The one year of supervised release also falls within the Guidelines range.  *See* U.S.S.G. § 7B1.3(g)(2).

Lomenick argues that his sentence is unreasonable because it is "purely punitive, for the relatively minor offense of contact with marijuana and people using marijuana" and that a "lesser sentence . . . would have been appropriate."  He also argues that the sentence was "especially unreasonable considering Mr. Lomenick was only one week away from completing his supervised release term."  These considerations are insufficient to rebut the presumption of reasonableness of the sentence.  The court took into account that Lomenick substantially complied with the terms of his original period of supervised release and nearly completed that period of supervision.  It also considered the countervailing evidence of Lomenick's marijuana use and his admission to violating the terms of his release. Consideration of the latter factors does not render the sentence unduly punitive.  Such a conclusion is undermined by the court's efforts to structure the confinement to have minimal impact on Lomenick's ability to work and to facilitate continued drug testing or treatment.

### III.

We conclude that the district court's revocation of Lomenick's supervised release and imposition of an additional sentence was procedurally and substantively reasonable.  Therefore, we **AFFIRM.**