RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 08a0351p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 07-2106

ZACHARIAH POLIHONKI,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 05-00077—Robert Holmes Bell, Chief District Judge.

Submitted: September 15, 2008

Decided and Filed: September 24, 2008

Before: GILMAN, KETHLEDGE, and ALARCÓN, Circuit Judges.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** David L. Kaczor, Ray S. Kent, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Phillip J. Green, Christopher M. O'Connor, ASSISTANT UNITED STATES ATTORNEYS, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

RONALD LEE GILMAN, Circuit Judge. Zachariah Polihonki pled guilty in 2005 to federal conspiracy charges involving cocaine. He was subsequently sentenced to 18 months in prison, to be followed by 3 years of supervised release. After serving his prison sentence, Polihonki was twice reported for violating the conditions of his supervised release. On the second occasion, the district court revoked his supervised release and sentenced him to 6 months in prison, to be followed by a new supervised-release term of 30 months.

Polihonki served the 6-month prison term and, in July of 2007, began his second term of supervised release. But he violated its conditions twice within 2 months after the term had commenced, causing the district court to once again revoke his supervised release. This time Polihonki was sentenced to 13 months in prison, a term that is 2 months longer than the applicable

_____

[*] The Honorable Arthur Alarcón, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1

U.S. Sentencing Guidelines range of 5 to 11 months' imprisonment. Polihonki argues on appeal that the sentence is both procedurally and substantively unreasonable. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

The parties do not dispute the relevant facts. In May of 2005, Polihonki (who was then less than 21 years of age) pled guilty to conspiring to (1) distribute cocaine, and (2) possess cocaine with the intent to distribute the drug. These offenses, in violation of 18 U.S.C. §§ 841 and 846, carry a prison term of up to 20 years. He was sentenced in September of 2005 to 18 months in prison and 3 years of supervised release, in addition to monetary fines not at issue in this appeal.

Polihonki's term of supervised release commenced in March of 2006. Five months later, his probation officer reported that Polihonki had violated the conditions of his supervised release by failing to attend a group counseling meeting and missing three urinalysis test dates. The district court shortly thereafter entered an order modifying Polihonki's supervised release to require 40 hours of community service, in addition to the original conditions imposed on him.

In January of 2007, Polihonki again violated the conditions of his supervised release, this time by missing a urinalysis test, not appearing for both a mental-health assessment and a counseling meeting, failing to complete his court-ordered community-service hours, failing to pay the monetary penalties imposed as part of his sentence, and failing to report his encounter with the police that occurred when he was cited for being a minor in possession of alcohol. Polihonki admitted the foregoing violations. The district court subsequently revoked his term of supervised release and sentenced him to 6 months in prison, with the recommendation that Polihonki receive both alcohol-abuse and mental-health counseling. It also imposed a new, 30-month term of supervised release to follow completion of the 6-month prison term. The new term of supervised release commenced on July 1, 2007.

In August of 2007, Polihonki (now more than 21 years old) was reported for two supervised-release violations. He admitted to the district court that he drank alcohol on July 19, 2007 and again on August 16, 2007, in violation of a supervised-release condition that prohibited him from drinking alcohol. At his revocation hearing before the district court, Polihonki pled guilty to those violations.

Prior to the revocation hearing, a probation officer submitted to the district court a Supervised Release Violation Report (SRVR), which recommended revocation of Polihonki's term of supervised release and a new term of imprisonment. Polihonki's Guidelines range was calculated to be 5 to 11 months of imprisonment, with a recommended sentence of 11 months. The district court revoked Polihonki's supervised release pursuant to 18 U.S.C. § 3583(e)(3) and sentenced him to 13 months in prison, with orders for alcohol-abuse and mental-health counseling, to be followed by 22 months of supervised release accompanied by ongoing alcohol-abuse treatment. Polihonki filed a timely appeal of his sentence.

## II. ANALYSIS

### A.    Standard of review

The district court may revoke a defendant's term of supervised release and require the defendant to serve a new term of imprisonment pursuant to 18 U.S.C. § 3583(e). In this circuit, "[s]entences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). The district court's sentencing determination is reviewed "under a deferential abuse-of-discretion standard" for reasonableness, which has both a

procedural and a substantive component. *Gall v. United States*, 128 S. Ct. 586, 591, 598 (2007); *see also United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007).

We must first ensure that the district court committed no procedural error in sentencing the defendant. *Id*. at 597; *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A district court necessarily abuses its sentencing discretion if it

> commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597.

If the district court's sentencing decision is procedurally sound, we must "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard[,] . . . tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* This court applies a presumption of substantive reasonableness in reviewing sentences that are within the Guidelines range. *United States v. Wilms*, 495 F.3d 277, 280-81 (6th Cir. 2007). We may not, however, apply "a presumption of unreasonableness" to sentences that fall outside of the Guidelines range. *Gall*, 128 S. Ct. at 597. If the sentence is outside of the Guidelines range, we must instead give "due deference" to the district court's decision that the § 3553(a) factors justify the variance. *Id*. "The fact that [this court] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Polihonki did not raise any objections to his 13-month sentence at the conclusion of his revocation hearing, although he was invited to do so by the district court. Because he failed to object, any errors that he now alleges regarding the length of his sentence must be reviewed under the plain-error standard. *See United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007) (citing *United States v. Vonn*, 535 U.S. 55, 66 (2002) ("A defendant's right to review of error he let pass in silence depends upon the plain error rule.")). "The defendant bears the burden of proof on plain error review" and, in order to prevail, he

> must show that there is (1) error, (2) that is plain, and (3) that affects [his] substantial rights. If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings.

*Id.* at 757-58.

## B.    Procedural reasonableness

Polihonki argues that his sentence is procedurally unreasonable because the district court failed to adequately explain the basis for the sentence imposed. He specifically cites the court's failure to (1) refer to the recommended Guidelines range set forth in Polihonki's SRVR, and (2) address his argument that he had been employed and had a job waiting for him.

### 1.    *Consideration of the § 3553(a) factors and the Guidelines range*

"This court has held that in sentencing for revocation of supervised release, district courts must sentence in a manner that reflects consideration of certain factors listed in 18 U.S.C. § 3553." *United States v. Johnson*, 403 F.3d 813, 815 (6th Cir. 2005) (internal quotation marks omitted); *see also United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998) (explaining that Chapter

7 of the Guidelines applies to sentences imposed following a supervised-release revocation, but that both the policy statements contained therein and the corresponding sentencing range "are merely advisory and do not bind the district court"); § 3583(e) (providing that the district court may revoke a term of supervised release upon consideration of the factors set forth in § 3553(a)).  The relevant factors in this case, as in *Johnson*, are "the nature of the offense; the need to deter criminal conduct, to protect the public, and to provide Defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities."  *See Johnson*, 403 F.3d at 815.

At Polihonki's second revocation hearing in September of 2007, the district court noted the nature of his original offenses and reminded Polihonki that they subjected him to a sentence of up to 20 years in prison.  It then discussed Polihonki's repeated violations of the various conditions of his two supervised-release terms, his ongoing alcohol abuse, the need for him to receive both alcohol-abuse and mental-health counseling, and what the court saw as "the high risk of continued behavior."  In conclusion, the court warned Polihonki that

> if [the court has] you back here drinking alcohol, running around with people at night on the streets, we'll go back to a 20-year sentence.  I'll go back to a long sentence to make sure that we make our point . . . .  It's time to get your handle on this alcohol and get your handle on being a grown-up adult and see this matter through.

Polihonki complains that the district court did not adequately explain the sentence that it imposed, or explicitly refer to the Guidelines range.  He correctly notes that the sentencing court has an "obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence" in order "to permit reasonable appellate review."  *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).  But this court has held that "[a]lthough the district court may not have mentioned all of the statutory factors or the guidelines explicitly, and although explicit mention of those factors may facilitate review, this court has never required the ritual incantation of the factors to affirm a sentence."  *Johnson*, 403 F.3d at 816 (internal quotation marks omitted); *see also United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) ("A district court need not recite [the] § 3553(a) factors, nor engage in the ritual incantation of the factors in order for the appellate court to affirm a sentence." (citations and internal quotation marks omitted)); *United States v. Pearson*, 212 F. App'x 504, 508 (6th Cir. 2007) (holding that a sentencing court may consider the relevant statutory factors without expressly referencing the statute).

Polihonki's SRVR was indisputably before the district court as part of the record in the revocation proceedings, and Polihonki does not contend that the court failed to consider it.  He instead argues that the court erred by not making explicit reference to the report.  But this circuit's caselaw holds that the court was not required to do so.  The Sixth Circuit "recognize[s] that in some cases a district court's statements reflect consideration of the [SRVR] without express reference to the report."  *United States v. Bryant*, No. 99-1449, 2000 U.S. App. LEXIS 2470, at *6 (6th Cir. Feb. 16, 2000).  "By reviewing the [SRVR], the court is presumed to have considered the recommended sentencing range."  *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999).

In *Johnson*, the district court revoked a term of supervised release and sentenced the defendant to 18 months' imprisonment, even though the Guidelines range was 4 to 10 months and the probation officer had recommended a 6-month sentence.  403 F.3d at 814.  The defendant argued on appeal that the district court had erred by not explicitly mentioning all of the § 3553(a) factors or the Guidelines.  This court found no error in the lower court's failure to engage in a "ritual incantation" of the sentencing factors and affirmed the sentence, noting that the district court had discussed at length its belief that the defendant "needed to have impressed upon him" the severity of his offense, the need for the defendant to be incarcerated long enough to fully participate in a drug-rehabilitation program, and the defendant's repeated violations of supervised release.  *Id.* at

815-16; *see also Washington*, 147 F.3d at 491 (affirming a prison sentence following revocation of supervised release, even though the term of imprisonment exceeded the Guidelines range and the district court failed to specifically mention that range, because the court's explanation—discussing the seriousness and frequency of the defendant's violations, the need for rehabilitation, and the fact that "supervised release doesn't work" for the defendant—reflected consideration of the § 3553(a) factors and the policies behind Chapter 7 of the Guidelines).

For the same reasons, the district court in the present case committed no error—much less a plain error—by failing to mention the § 3553(a) factors or the applicable Guidelines range. The record in the present case reflects the court's consideration of Polihonki's SRVR and several of the applicable § 3553(a) sentencing factors, including the nature of the offense, the need for deterrence, and a desire to provide Polihonki with treatment for his alcohol-abuse and mental-health problems. *See Pearson*, 212 F. App'x at 508 ("Although the district court in this case did not expressly mention the § 3553(a) factors as '§ 3553(a) factors,' the court considered in substantive terms the pertinent § 3553(a) factors before imposing sentence on [the defendant]."). The district court thus provided a reasoned explanation of the sentence and did not abuse its discretion by failing to make reference to the Guidelines range.

### 2. *Consideration of Polihonki's employment status*

Polihonki also claims that the district court erred by not addressing the fact that he had a job available to him. This argument suggests that the court's failure to directly address his employment status indicates that the court did not consider it in sentencing him. But the record makes clear that this factor was within the court's contemplation. Both defense counsel and Polihonki referenced his employment status several times during the colloquy with the court, and each of them expressly asked that it be considered in imposing a sentence.

Furthermore, "[d]istrict courts may exercise discretion in determining how much of an explanation of the sentence is required because the amount of reasoning required varies according to context." *United States v. Jeross*, 521 F.3d 562, 582-83 (6th Cir. 2008). "This court has made it clear that a district court need not explain its reasons for rejecting each argument made by a defendant." *United States v. Smith*, 510 F.3d 603, 608 (6th Cir. 2007).

Thus the district court in the present case was not required to respond directly to Polihonki's employment-status argument. *See id.* After hearing defense counsel on this point, the court discussed Polihonki's history of repeated supervised-release violations and ongoing alcohol abuse, and stated that the sentence was being imposed "due to the high risk of continued behavior, [his] inability to address the characteristics of alcohol abuse, and [his] refusal to comply with these conditions." Sentencing Polihonki to prison time, the court explained, was intended to "stop this cycle for good."

In light of the district court's discussion of the relevant sentencing considerations, the court did not abuse its discretion in failing to explain its consideration of Polihonki's employment status. We therefore conclude that Polihonki's sentence is procedurally reasonable.

### C. Substantive reasonableness

Polihonki's final argument is that his 13-month sentence is substantively unreasonable. He first contends that "the district court seems to have fixed the sentence arbitrarily," having provided "no real reasoning" to justify it. But that assertion is belied by the record, which supports a conclusion to the contrary, as discussed in Part II.B. above. In particular, the court noted that Polihonki's previous prison term of 6 months—imposed following Polihonki's second round of supervised-release violations—had failed to "get [Polihonki's] attention." It further emphasized that the cycle of supervised-release terms followed by more violations needed to be stopped "for good."

The court's explanation provides a reasoned basis for the sentence imposed and defeats Polihonki's argument that the sentence was chosen arbitrarily.

Polihonki also asserts that the sentence is substantively unreasonable given the fact that his supervised-release violations in July and August of 2007 "were limited to two incidents of imbibing alcoholic beverages, actions that would have been legal but for Mr. Polihonki's supervised-release status." Although that statement is accurate, a condition of Polihonki's supervised release expressly prohibited him "from any use of alcohol." By violating that condition, Polihonki subjected himself—once again—to the possibility that the district court would revoke his supervised release and sentence him to another prison term. *See* 18 U.S.C. § 3583(e)(3) (providing that a district court may revoke a term of supervised release and require the defendant to serve prison time if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release").

Polihonki further argues that the 13-month sentence is excessive because it is "more than double the low-end of the guidelines range." But this ignores the fact that Polihonki was previously sentenced to 6 months in prison for violating a prior term of supervised released, and that such a sentence did not deter him from further violations. Indeed, Polihonki violated his most recent supervised-release term on July 19, 2007, just 18 days after that term had commenced on July 1, and a second time less than one month later, on August 16. The district court determined that a longer prison sentence (specifically, one that is 2 months longer than the applicable Guidelines range) was warranted to finally "get Polihinki's attention" and end his cycle of self-destructive behavior. Polihonki's argument that his sentence should be shorter because, although he "has a somewhat colored past . . . , he has served his time for previous violations" is unpersuasive for the same reason.

This court has repeatedly affirmed above-Guidelines sentences in similar circumstances. *See, e.g.*, *United States v. Sloboda*, 162 F. App'x 550, 553 (6th Cir. 2006) (affirming a sentence following revocation of supervised release that was 3 months longer than the applicable Guidelines range where the defendant, among other things, "represented a high risk of continued violation" and made statements indicating "either an unwillingness or an inability to accept the consequences of her actions"); *Johnson*, 403 F.3d at 815 (affirming a sentence that was 8 months longer than the Guidelines range). In short, nothing in the record suggests that the district court abused its discretion in making a similar determination in Polihonki's case. We therefore conclude that Polihonki's sentence is substantively reasonable.

### III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.