**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0096n.06

**No. 10-4170**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 10, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TERRENCE DAVIS, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GILMAN, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge. Terrence Davis pleaded guilty to conspiracy to import cocaine and unlawful importation of cocaine in violation of 21 U.S.C. §§ 963 and 952(a). He received a sentence of 60 months' incarceration and 48 months' supervised release.

Compliance issues marred Davis's supervised release. His probation officer reported him for failing to submit to urine tests, attend drug counseling, and maintain employment, prompting the district court to hold a supervised-release-revocation hearing. There Davis admitted his violations, but asked the court to consider the following factors in favor of leniency: he completed counseling in the past, the economic downturn complicated his job search, and he acted as the primary caregiver for his ill mother.

The court revoked Davis's supervised release and sentenced him to a within-guidelines prison term of six months, followed by one year of supervised release conditioned upon substance abuse screening and treatment. This sentence aligned with the probation department's recommendations in Davis's Supervised Release Violation Report (SRVR).

When asked by the district court about any objections to the sentence, Davis raised none. With this appeal, he challenges the one year of supervised release on both procedural and substantive grounds.

I.

We normally review sentences imposed following revocation of supervised release "under a deferential abuse-of-discretion standard for reasonableness," which has both a procedural and substantive component. *See United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (internal quotation marks and citation omitted). But Davis's decision not to contemporaneously object to his sentence, after he was given the opportunity to do so in the district court, limits him to only plain-error review of any alleged procedural errors. *See United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007).

A.

Davis asserts procedural error in the district court's neglecting to (a) address his mitigation arguments and (b) calculate and consider the sentencing guidelines. To hurdle his plain-error bar,

Davis must show that these alleged failings constitute "(1) error, (2) that is plain, and (3) that affects substantial rights," and he must convince us that "(4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings." *Id.* at 757–58.

Davis's argument fails the first prong because the district court committed no error. Rather than neglecting to address mitigating arguments, the court squarely covered Davis's major mitigating factors:   it considered his drug counseling but noted its ineffectiveness, and explained that his ill mother would actually benefit if he complies with his supervised-release conditions. And though the court did not explicitly reference the guidelines, "this circuit's caselaw holds that the court was not required to do so." *United States v. Polihonki*, 543 F.3d 318, 324 (6th Cir. 2008). Because the record reflects that the court reviewed the SRVR, we presume that the court considered the suggested guidelines. *See id.*; *see also United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999) ( "By reviewing the [SRVR], the court is presumed to have considered the recommended sentencing range . . . .").

Beyond his shortcoming on the error prong, Davis neglects to argue—much less establish—that the alleged errors are plain and impact both his substantial rights and the dignity of the judicial proceedings. His procedural challenges thus fail.

B.

Davis next presses us to find his supervised release substantively unreasonable because it fails to comport with 18 U.S.C. § 3553(a)'s goals—that is, because "no further supervision would be beneficial for [him]." We respectfully disagree.

The district court reasonably sentenced Davis to one year of supervised release to prevent the very drug-related conduct that spawned his revocation proceedings. Aligning its reasoning with several § 3553(a) factors—namely, offender characteristics, rehabilitation, and deterrence—the court opined that a period of supervision following Davis's prison term might end his loop of compliance, relapse, and imprisonment. Though Davis argues that further supervision would not help him, the court did not abuse its discretion in hoping, for Davis, that it would.

II.

For these reasons, we affirm.