**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 12a0054n.06**

**No. 10-4564**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Jan 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| ANTOINNE DONNELL BURRELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  COOK, WHITE, and DONALD, Circuit Judges.

PER CURIAM.  Antoinne Burrell appeals the district court's sentencing judgment following his second revocation of supervised release.  Burrell first argues that the district court committed plain error by imposing a post-revocation sentence greater than the statutory maximum, and alternatively challenges the substantive reasonableness of his seventeen-month sentence, which exceeded the advisory guidelines range by six months.  Finding no error or abuse of discretion and deeming argument unnecessary, Fed. R. App. P. 34(a), we affirm.

We review Burrell's statutory-maximum argument for plain error, because Burrell did not object to the probation office's recommended seventeen-month sentence, and his attorney agreed that the term did not exceed the statutory maximum.  *See United States v. Craft*, 495 F.3d 259, 265 (6th Cir. 2007).  Without citing the relevant statutory language or cases applying current post-revocation

sentencing provisions, Burrell argues that his previous post-revocation sentence—seven months' imprisonment and twelve months' supervised release—set the outer boundaries for his second revocation proceedings. This position contravenes the current version of the statute governing post-revocation sentencing, 18 U.S.C. § 3583(e)(3), and its focus on the supervised-release term *authorized* by the underlying conviction. As it did at the time Burrell committed his original offense in 2007, § 3583(e)(3) specifically authorizes the district court to "revoke a term of supervised release" and "require the defendant to serve in prison all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release* without credit for time previously served on postrelease supervision," but limits to two years the post-revocation imprisonment for class C and D felonies. 18 U.S.C. § 3583(e)(3) (emphasis added); *see also United States v. Palmer*, 380 F.3d 395, 398 (8th Cir. 2004) (en banc) (concluding that the above-italicized language added by a 1994 amendment changed the boundaries of post-revocation sentencing from the original term of supervised release to the term authorized by the statute for the offense of conviction). Because Burrell's underlying conviction—possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1)—authorized a supervised release period of not less than two years, *see* 21 U.S.C. § 841(b)(1)(D), and qualified as a Class D felony, *see* 18 U.S.C. § 3559(a)(4), the district court had the post-revocation discretion to sentence Burrell to up to two years of imprisonment, 18 U.S.C. § 3583(e)(3). Because he received less than the statutory maximum, Burrell has not shown error, let alone plain error.

We review Burrell's substantive reasonableness challenge for abuse of discretion, "tak[ing]

into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (internal quotation marks and citation omitted). No presumption of reasonableness applies to a non-guidelines sentence, and the district court must provide a "sufficiently compelling [justification] to support the degree of the variance" it chooses. *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *Gall*, 552 U.S. at 50). Burrell argues that the district court failed to justify the six-month variance, but the sentencing transcript reveals otherwise. The district court carefully examined Burrell's numerous violations of supervised release since the prior revocation of supervised release, including his failed drug tests, his failure to attend drug treatment sessions, and his failure to check into a re-entry facility. These facts persuaded the district court that "Mr. Burrell has no desire or motivation to take advantage of the numerous resources that were made available to him, and he's absconded from supervision." (Notably, defense counsel also recommended an upward variance in asking for a twelve-month sentence.) We deem this justification sufficient for the six-month variance imposed by the district court. *See Polihonki*, 543 F.3d at 325–26 (rejecting substantive reasonableness challenge to higher sentence imposed following second revocation of supervised release). Burrell does not otherwise challenge the substantive reasonableness of his second post-revocation sentence,

No. 10-4564
*United States v. Burrell*


and we therefore AFFIRM.