NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0092n.06

No. 13-1687

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 03, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                )
                                         )
         Plaintiff-Appellee,             )
                                         )       ON APPEAL FROM THE UNITED
v.                                       )       STATES DISTRICT COURT FOR
                                         )       THE EASTERN DISTRICT OF
MICHAEL J. SIMON,                        )       MICHIGAN
                                         )
         Defendant-Appellant.            )


BEFORE: COLE and ROGERS, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM. Michael J. Simon appeals his sentence. We affirm.

In 2007, Simon pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344. The district court sentenced him to fifty-one months in prison, to be followed by three years of supervised release. While serving his sentence, Simon was convicted of escape, and he was sentenced to six months in prison and three years of supervised release, to run concurrently to his sentence for bank fraud.

In December 2012, Simon began serving his terms of supervised release. In May 2013, a probation officer filed a petition in the district court, alleging that Simon violated the conditions of his supervised release resulting from the bank fraud conviction by failing to report to the probation officer, failing to permit the officer to enter his home, opening an unauthorized line of credit, and failing to participate in mental health counseling and a substance abuse program.

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Simon admitted the violations, and, based on the nature of the violations and his criminal history category, Simon's policy statement range of imprisonment was five to eleven months. The district court revoked Simon's supervised release and sentenced him to twelve months and one day in prison, to be followed by a term of supervised release that expires on December 26, 2015.

On appeal, Simon's counsel argues that Simon's sentence is procedurally unreasonable because the district court failed to discuss his policy statement range and failed to adequately explain its decision to vary upward from that range. Counsel also argues that Simon's sentence is substantively unreasonable because he had not previously violated the conditions of his supervised release in this case and the sentence was excessive in relation to the five-month sentence that he received for violating the conditions of his supervised release resulting from his escape conviction. Simon has filed a supplemental brief raising several arguments, which we need not address because he is represented by counsel. *See United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011). In any event, the revocation release transcript demonstrates that he never expressed any disagreement with his counsel's statement that Simon was guilty of violating the supervised release conditions.

We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). A sentence is procedurally unreasonable where the district court fails to consider the statutory sentencing factors or fails to adequately explain the chosen sentence. *Id.* A sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, fails to consider a pertinent sentencing factor, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

Simon's sentence is both procedurally and substantively reasonable. The district court was clearly aware of the policy statement range, given that defense counsel discussed it during the sentencing hearing, and the court was not required to explicitly discuss the range or all of the statutory sentencing factors. *See Polihonki*, 543 F.3d at 324. Further, the court adequately and reasonably explained that its upward variance was warranted based on Simon's repeated refusal to comply with the conditions of his supervision and his need for correctional treatment in a structured environment. *See* 18 U.S.C. §§ 3553(a)(1), (2)(D), 3583(e)(3). There is nothing in the record to suggest that the court selected the sentence arbitrarily, failed to consider a pertinent sentencing factor, or gave unreasonable weight to any factor.

Accordingly, we affirm Simon's sentence.