<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 14a0299n.06

No. 13-1929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 22, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JESSIE JAMES WASHINGTON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: DAUGHTREY, McKEAGUE, and DONALD, Circuit Judges.

PER CURIAM.   Jessie James Washington, proceeding through counsel, appeals the sentence imposed upon the revocation of his term of supervised release.

In 2005, Washington pleaded guilty to aiding and abetting bank fraud. He was sentenced to 30 months of imprisonment and five years of supervised release. After commencing his supervised-release period, Washington pleaded guilty in a Michigan state court to two counts of identity theft and was sentenced to one year of imprisonment. Washington admitted that his new crimes violated the terms of his supervised release. He claimed, however, that he did not realize that his co-defendant was stealing merchandise until after he had driven her to several stores and that he did not make the fake identification documents she was using. Washington also denied accompanying other women to other stores on previous occasions, claiming that his conduct on the date of his arrest was an isolated incident. The district court reviewed the police report,

which included statements by the stores' loss prevention personnel that they recognized Washington because he had engaged in similar behavior on previous occasions with other women. The district court also noted that receipts for a large amount of merchandise purchased on other dates from a number of stores were discovered in Washington's car.

Before choosing a sentence, the district court discussed the serious nature of Washington's new crimes, his lengthy criminal history of convictions for similar crimes of theft and fraud, and the need to protect the public. The court also cited to application note 4 of USSG § 7B1.4, which provides that an upward departure on revocation of supervised release may be appropriate where the defendant's original sentence was the result of a downward departure, as was the case with Washington's 2005 sentence. The district court then departed upward from the applicable advisory range of 21 to 27 months and sentenced Washington to 36 months of imprisonment, the maximum sentence available, to run consecutively to his state sentence. On appeal, Washington now argues that his sentence is substantively unreasonable because the district court simply speculated as to his new criminal conduct.

We review for abuse of discretion a sentence imposed on the revocation of supervised release. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). The district court did not abuse its discretion here because its finding as to the seriousness of Washington's new conduct was based not on speculation but on the police reports from his arrest. In *United States v. Chiolo*, 643 F.3d 177 (6th Cir. 2011), we affirmed a sentence imposed after revocation of supervised release in which the district court departed upward after reviewing police statements when the defendant "could not remember" the facts of his new offense. *Id.* at 180, 181-82. Moreover, the district court also properly noted that an upward departure was appropriate under application note 4 to USSG § 7B1.4.

Accordingly, we affirm the district court's judgment.