NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0431n.06

No. 14-1058

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jun 13, 2014*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,  )
                            )
    Plaintiff-Appellee,     )
                            )       ON APPEAL FROM THE UNITED
v.                          )       STATES DISTRICT COURT FOR
                            )       THE WESTERN DISTRICT OF
JEFFREY R. REDMOND,         )       MICHIGAN
                            )
    Defendant-Appellant.    )

BEFORE: BATCHELDER, Chief Judge; KEITH and STRANCH, Circuit Judges.

PER CURIAM. The district court revoked Jeffrey R. Redmond's supervised release and imposed a prison sentence. Redmond appeals.

Redmond pleaded guilty to making a false statement to an agency of the United States, in violation of 18 U.S.C. § 1001(a)(2). In 2010, the district court sentenced him to thirteen months in prison, to be followed by three years of supervised release. In 2011, Redmond began serving his term of supervised release. In January 2014 he admitted that he violated the conditions of his supervised release by engaging in four instances of mail fraud. The district court determined that Redmond's guidelines range of imprisonment was four to ten months. The court revoked Redmond's supervised release and sentenced him to six months in prison with no supervised release to follow.

On appeal, Redmond argues that his sentence is substantively unreasonable because the district court failed to give proper consideration to his health problems and his attempts to make restitution to his victims. We review sentences imposed following revocation of supervised

release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). A sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, fails to consider a pertinent sentencing factor, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Redmond's six-month prison sentence is substantively reasonable. In imposing the sentence, the district court considered several relevant sentencing factors, including the serious and repetitive nature of Redmond's criminal activities, his significant risk of recidivism, and the fact that supervised release had not deterred Redmond from committing additional criminal acts. *See* 18 U.S.C. §§ 3553(a), 3583(e). In addition, the district court noted Redmond's argument concerning his health problems, but concluded that a lesser sentence was not warranted because the problems did not excuse his criminal conduct and they were largely the same as when Redmond was originally sentenced in 2010. Finally, when viewed in light of the other sentencing factors discussed by the district court, the fact that Redmond had begun paying restitution to his victims is insufficient to overcome the presumption that his within-guidelines sentence is substantively reasonable. *See United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012).

Accordingly, we affirm the district court's judgment.