NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0020n.06

No. 14-1225

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 07, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,            )
                                     )
        Plaintiff-Appellee,          )
                                     )      ON APPEAL FROM THE UNITED
v.                                   )      STATES DISTRICT COURT FOR
                                     )      THE WESTERN DISTRICT OF
JAMES ALLEN PRATT,                   )      MICHIGAN
                                     )
        Defendant-Appellant.         )

BEFORE: NORRIS, ROGERS, and WHITE, Circuit Judges.

PER CURIAM. James Allen Pratt appeals the sentence imposed after he violated the terms of his supervised release, arguing that the imposition of an additional term of supervised release to be served after an eleven-month prison term is substantively unreasonable. We affirm.

In 2003, Pratt pleaded guilty of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The Guidelines imprisonment range, based on his total offense level of 31 and criminal history category of IV, was 151 to 188 months. The district court sentenced him to 151 months in prison and five years of supervised release. In 2008, the district court granted the Government's Rule 35(b) motion based on Pratt's substantial assistance to the government and reduced Pratt's term of imprisonment to 136 months. The district court further reduced Pratt's term of imprisonment to 110 months when it granted both Pratt's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Government's second Rule 35(b) motion.

Pratt's supervised release began on February 22, 2013. On April 22, 2013, the probation office petitioned for the revocation of Pratt's supervised release after Pratt consumed alcohol in violation of the terms of his supervised release. In May 2013, Pratt admitted to the violation, and the district court continued his supervision with modification. On October 17, 2013, Pratt's supervision was modified again because he was found to be driving without a license. Shortly thereafter, on October 22, 2013, the probation office again petitioned for the revocation of Pratt's supervised release when a breath test administered pursuant to the Kalamazoo Probation Enhancement Program revealed that Pratt had a blood alcohol content of .016 percent. In November 2013, Pratt again admitted that he violated the conditions of his supervised release and the district court sentenced him to three months in prison and fifty-seven months of supervised release.

On January 21, 2014, Pratt was released from prison to begin supervised release. However, Pratt failed to report to the probation office within 72 hours, as was required by the terms of his supervised release, and he was arrested by the marshal approximately a week after leaving prison. In February 2014, Pratt pleaded guilty to the violation. The district court determined that, based on his Grade C violation and criminal history category of IV, Pratt's Guidelines range of imprisonment was six to twelve months. The court sentenced him to eleven months in prison and forty-eight months of supervised release.

On appeal, Pratt does not challenge the eleven-month prison term but argues that the imposition of a term of supervised release after his term of imprisonment is substantively unreasonable. We review sentences imposed following revocation of supervised release under the same deferential abuse-of-discretion standard we apply to sentences imposed after conviction. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008); *See also United States*

*v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) ("Sentences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction."). Pratt challenges the substantive reasonableness of his sentence. A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily or gives unreasonable weight to any pertinent sentencing factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-Guidelines sentence. *Polihonki*, 543 F.3d at 322.

Pratt contends that the district court erred by placing undue weight on his likelihood to recidivate and the need to protect the public. Before imposing Pratt's sentence, the district court identified and discussed the relevant sentencing factors under 18 U.S.C. § 3583(e), and explained that, given Pratt's extensive criminal history and repeated violations of the conditions of his supervised release, continued supervised release was necessary to afford adequate deterrence and to protect the public.

> I'm very concerned that if Mr. Pratt is released into the community after serving a term of imprisonment that he will be right back facing another judge, but this time rather than a violation of supervised release, he will be facing a judge because he committed another crime and got well deep into that thought process, his antisocial thinking that at least at this point while he's been on supervised release he hasn't been committing new crimes of any consequences whatsoever.

R.96: SR Hrg. Tr., PID 212-13.

Pratt argues that he "only had one felony conviction in more than twenty years prior to his [2003] conviction." However, when he was sentenced in 2004, Pratt had twenty-one prior adult convictions. Moreover, he was on parole when he committed the underlying federal offense and had been released from prison just two years earlier. Pratt further argues that he has not committed a crime more serious than a traffic offense since 2003. But with the exception of his eight months of supervised release in 2013 and 2014, Pratt has been in prison since 2003. Of

the five years of statutorily mandated supervised release imposed pursuant to 21 U.S.C. § 841(b)(1)(A) as part of Pratt's 2004 sentence, he has only served eight months, during which time he committed multiple violations of the terms of release in quick succession.

Because there is nothing in the record showing that the district court selected the sentence arbitrarily, gave unreasonable weight to any sentencing factor, or based the imposition of supervised release following Pratt's sentence on speculative concern, Pratt cannot overcome the presumption that his within-Guidelines sentence is substantively reasonable.

Accordingly, we AFFIRM Pratt's sentence.