NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0147n.06

No. 14-5587

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 25, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　　　)
　　　　　　　　　　　　　　　　　　　) ON APPEAL FROM THE UNITED
v.　　　　　　　　　　　　　　　　　　) STATES DISTRICT COURT FOR
　　　　　　　　　　　　　　　　　　　) THE EASTERN DISTRICT OF
MICHAEL MORALES,　　　　　　　　　　) TENNESSEE
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant-Appellant.　　　　　)

BEFORE:  MERRITT and WHITE, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Michael Morales, a federal prisoner, appeals through counsel the revocation of his term of supervised release.

In 2004, Morales entered a guilty plea to charges of possessing cocaine base with the intent to distribute and possessing a firearm in furtherance of drug trafficking.  He was sentenced to 130 months of imprisonment (R.E. 23).  The sentence was later reduced to 125 and then to 120 months.  After serving his term and beginning his period of supervised release, Morales was arrested on charges of assault and robbery.  A preliminary hearing and grand jury proceeding both resulted in findings of probable cause in the state court, but the case was dismissed when the victim could not be located.  A petition was filed to revoke the period of supervised release.  A preliminary hearing was held before a magistrate judge, who also found probable cause to

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

believe Morales had violated his supervised release by committing new crimes and ordered his detention (R.E. 58). A hearing was then held on the revocation of supervised release.

The victim bar owner appeared for this hearing and testified that he saw Morales outside his bar when he arrived for work on the night of the robbery. Morales was one of the first customers to arrive and was driving a distinctive green car (R.E. 65, pg. 6). While outside, Morales got in an argument with another man, apparently about something that happened in jail. This prompted the victim to charge a cover for entry into the bar. The victim collected the ten-dollar cover charge from Morales (R.E. 65, pgs. 7-8). Several hours later, after the victim turned up the house lights to signal that it was time for the patrons to leave, Morales and another man, who was holding a gun, robbed the victim (R.E. 65, pgs. 11-12). Morales struck the victim repeatedly in the face, kicked him, and dumped two garbage cans full of beer bottles on him before taking approximately $600 from the victim's pocket (R.E. 65, pgs. 16-18). When the police arrived, the victim described the distinctive green car the robber was driving, and the police recognized the car as belonging to Morales (R.E. 65, pg. 33). They arrested him and brought him back to the bar in the back seat of the police cruiser. The victim identified him as the robber (R.E. 65, pg. 34), and later repeated his identification at the various hearings. A photograph of Morales sitting on the hood of a green car was introduced as evidence (R.E. 65, pg. 41). After hearing the evidence, the district court concluded that Morales had violated his supervised release by committing new crimes and sentenced him to 56 months of imprisonment (R.E. 61). On appeal, Morales argues that he was the victim of a suggestive identification and that eyewitness identifications have been shown to be unreliable in a number of studies.

Supervised release may be revoked upon a showing by a preponderance of the evidence that the defendant has violated the terms of his release. *United States v. Polihonki*, 543 F.3d 318,

326 (6th Cir. 2008) (citing 18 U.S.C. § 3583(e)(3)). We review a decision revoking supervised release for an abuse of discretion. *United States v. Curtis*, 237 F.3d 598, 605 (6th Cir. 2001). The district court's factual findings are reviewed for clear error. *United States v. Kontrol*, 554 F.3d 1089, 1091–92 (6th Cir. 2009). On this record, it does not appear that the district court abused its discretion in revoking Morales's supervised release. A preponderance of the evidence supported that the victim was able to identify Morales from having seen him in his bar over the course of the evening, including during the beating and robbery, and that the identification was not solely based on the suggestive show-up. The victim's identification of Morales was unequivocal, and the district court did not clearly err in crediting his testimony. Accordingly, the district court's judgment is affirmed.