NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0303n.06

No. 14-5957

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 27, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSHUA E. RAMSEY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

BEFORE: DAUGHTREY, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM. Joshua E. Ramsey appeals his sentence. In 2009, Ramsey pleaded guilty to aiding and abetting the attempted burglary of a controlled substance from a Drug Enforcement Administration registrant, in violation of 18 U.S.C. § 2118(b). The district court sentenced Ramsey to 33 months in prison and three years of supervised release. In 2013, after Ramsey admitted that he violated the conditions of his supervised release, the district court sentenced him to eight months in prison and two years of supervised release.

In 2014, a probation officer filed a petition in the district court, alleging that Ramsey had again violated the conditions of his supervised release. The petition alleged nine violations, including that Ramsey had violated 18 U.S.C. § 1001 by submitting monthly supervision reports in which he falsely denied possessing or using illegal drugs. Ramsey admitted the alleged violations. Based on a Grade B violation and criminal history category of V, Ramsey's guidelines range of imprisonment was 18 to 24 months. The district court concluded, however,

that the statutory maximum sentence was 16 months, and the court sentenced Ramsey to 16 months in prison.

On appeal, Ramsey argues that his sentence is substantively unreasonable. He specifically contends that, had he not submitted false supervision reports, his guidelines range would have been seven to thirteen months, and that it is unreasonable to increase his guidelines range by eleven months for lying to the probation officer. We review the reasonableness of sentences imposed following revocation of supervised release under an abuse-of-discretion standard. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily or gives an unreasonable amount of weight to any sentencing factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Ramsey has not overcome the presumption that his within-guidelines sentence is substantively reasonable. Before imposing the sentence, the district court discussed several relevant sentencing factors, including the nature of Ramsey's underlying offense, his criminal history and personal characteristics, and the need to afford adequate deterrence and protect the public. And it was reasonable for the court to conclude that Ramsey's submission of false supervision reports warranted an increased guidelines range and that a statutory maximum sentence was appropriate based on Ramsey's significant criminal history and his repeated violations while on supervised release.

Accordingly, we affirm Ramsey's sentence.