NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0412n.06

No. 14-1837

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jun 05, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| TROY LAMAR WALKER, | ) | MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE: GUY, BATCHELDER, and GIBBONS, Circuit Judges.

PER CURIAM. Troy Lamar Walker appeals the district court's judgment that revoked his supervised release and imposed a sentence of imprisonment.

In 2011, Walker pleaded guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court sentenced him to 24 months in prison and 10 years of supervised release. We affirmed the district court's judgment. In 2013, Walker admitted violating the conditions of his supervised release by failing to attend a mental health program and by failing to comply with Virginia's sex offender registration law. The district court sentenced Walker to 8 months in prison and 10 years of supervised release.

In 2014, the district court determined that Walker again violated the conditions of his supervised release by failing to receive prior approval from his probation officer before changing his residence, by failing to report as instructed, and by failing to comply with the reporting requirements of Michigan's sex offender registration law. The district court determined that,

based on a Grade B violation and criminal history category of III, Walker's guidelines range of imprisonment was 8 to 14 months. The court varied upward from the guidelines range and sentenced Walker to 16 months in prison and 10 years of supervised release.

On appeal, Walker argues that there is insufficient evidence to support the district court's finding that he willfully violated the reporting requirements of Michigan's sex offender registration law. Walker specifically contends that he could not comply with the law because he was homeless and lacked a state identification card. Walker also argues that his above-guidelines sentence is substantively unreasonable.

We review for an abuse of discretion a district court's finding that a defendant violated a condition of his supervised release. *United States v. Curtis*, 237 F.3d 598, 605 (6th Cir. 2001). A district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3).

The district court did not abuse its discretion by concluding that Walker violated the conditions of his supervised release. The evidence introduced at the revocation hearing showed that Walker knew that he must comply with the reporting requirements of Michigan's sex offender registration law and that he failed to do so. And, despite his argument to the contrary, Walker's homelessness and lack of a state identification card did not prevent him from properly reporting. *See People v. Dowdy*, 802 N.W.2d 239, 245, 247 (Mich. 2011).

Walker also argues that his above-guidelines sentence is substantively unreasonable, given the technical nature of his supervised release violations. We review sentences imposed following revocation of supervised release under an abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v.*

*Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, relies on an impermissible sentencing factor, fails to consider a pertinent factor, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

Walker's sentence is substantively reasonable. Before imposing the sentence, the district court discussed several relevant sentencing factors, including the nature of Walker's supervised release violations, his history and characteristics, and the need to afford adequate deterrence, protect the public, and provide Walker with effective correctional treatment. And the court reasonably concluded that an above-guidelines sentence was warranted, given Walker's unwillingness to properly maintain his sex offender registration, his pattern of refusing to comply with the instructions of his probation officer, and his history of domestic violence.

Accordingly, we affirm the district court's judgment.