NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0453n.06

No. 14-2437

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

TYRONE HOGAN,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

BEFORE: BOGGS and KETHLEDGE, Circuit Judges, BLACK, District Judge.[*]

PER CURIAM. Tyrone Hogan, a federal prisoner, appeals the six-month sentence imposed for his violation of his conditions of supervised release.

Hogan entered a guilty plea in 2009 to charges of bank fraud conspiracy, wire fraud, and conduit campaign contributions. He was granted a downward variance in his sentence, resulting in a sentence of twelve months and one day of imprisonment, three years of supervised release, and restitution of over $2 million. His period of supervised release began in April 2013. In August 2014, the district court held a hearing on Hogan's violation of the conditions of supervised release. Hogan admitted that he failed to pay anything towards his restitution and that he tested positive for cocaine. Hogan had not documented any attempt to obtain employment,

---

[*]The Honorable Timothy Black, United States District Judge for the Southern District of Ohio, sitting by designation.

but he represented at the hearing that he had recently found a job. The district court granted Hogan a "zero tolerance" adjournment. Three months later, Hogan still had failed to make any payments on the restitution judgment. The guidelines sentencing range for the more serious violation of supervised release, using a controlled substance, was six to twelve months of imprisonment; the district court sentenced Hogan to six months with no further period of supervised release. Hogan raised no objection to the sentence.

On appeal, Hogan argues that the district court failed to consider the relevant sentencing factors and that his failure to pay restitution was not willful. Because Hogan raised neither of his procedural objections below, thus denying the district court an opportunity to correct any problems, we review the judgment for plain error only. *See United States v. Polihonki*, 543 F.3d 318, 323 (6th Cir. 2008). To establish plain error, an appellant must demonstrate, *inter alia*, that the alleged errors affected the outcome or fairness of the proceeding. *United States v. Babcock*, 753 F.3d 587, 590-91 (6th Cir. 2014).

Hogan complains that the district court failed to consider relevant sentencing factors. The discussion of the reasons for a sentence within the guidelines range need not be lengthy. *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). No ritual incantation of the factors is required where the reason for the sentence is obvious. *Polihonki*, 543 F.3d at 324. Here, as discussed at the August hearing, the relevant factors were the seriousness of Hogan's violations and the need for deterrence. He was given a zero-tolerance adjournment and still failed to make any bona fide effort to make payments toward his restitution responsibility. Although he now argues that his failure to pay was not willful, he admitted at the hearing that he considered waiting until his supervised release period expired to obtain employment that did not need to be approved by his probation officer. He does not argue that his use of a controlled substance was

not willful.  Hogan has demonstrated no procedural error affecting the outcome or fairness of the sentencing hearing.  To the extent that Hogan challenges the substantive reasonableness of his sentence, he has not overcome the presumption that his sentence at the bottom of the guidelines range is reasonable.  *See, e.g.*, *United States v. Robinson*, 503 F.3d 522, 528 (6th Cir. 2007).  Accordingly, we affirm the district court's judgment.