NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0491n.06

Case No. 17-4140

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Oct 02, 2018<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE NORTHERN DISTRICT OF |
| LEONARD YOUNG, | ) | OHIO |
|  | ) |  |
| Defendant-Appellant. | ) |  |
| _____/ | ) |  |

Before: MERRITT, COOK, and LARSEN, Circuit Judges.

**MERRITT, Circuit Judge.** In an unhappy continuation of his legal troubles, the defendant appeals the third revocation of his supervised release, to be served consecutively to his sentences in the Cuyahoga County court system in Ohio. He argues that his sentence was substantively unreasonable. Given the troubling facts prompting the District Court's revocation of his supervised release in October of 2017, we **AFFIRM**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Young pled guilty in 2011 to a federal conspiracy charge related to the distribution of heroin. He began a three-year term of supervised release for that sentence on April 15, 2014, but his release was revoked twice for different violations. The first violation concerned the defendant's guilty plea in late 2014 to a state charge of assault after the defendant assaulted his mother's boyfriend. The second violation in January 2016 concerned the defendant's failure to

complete mental healthcare treatment. The third violation of his release is the subject of the instant appeal.

In this latest series of encounters with the criminal justice system, the defendant pled guilty to several new state charges, including child endangerment and attempted domestic violence in March 2017 and domestic violence, animal cruelty, and petty theft in August 2017. The victims in March and August of 2017 were defendant's child and mother, respectively. In each instance, the Defendant admitted to the conduct and pled guilty when charged. The District Court conducted a hearing on the third set of violations and revoked supervised release on October 18, 2017, sentencing the defendant to the statutory maximum of two years, 18 U.S.C. § 3583(e)(3), which fell within the Guidelines advisory range. The defendant appealed on October 30, 2017.

## II. ANALYSIS

Our review following revocation of supervised release is for abuse of discretion by the sentencing judge. *United States v. Glowka*, 726 F. App'x 1013, 1017 (6th Cir. 2018). Assuming the sentence is procedurally sound, our review of the substantive reasonableness focuses on the totality of the circumstances. *Id.* at 1017–18. Here, the defendant only argues that his sentence was substantively unreasonable. All of this is simply a way of asking whether the sentence comports with the conduct. To focus this inquiry, 18 U.S.C. § 3553(a) sets out various factors relevant to a sentence, including the nature of the offense, the defendant's history, and the need to protect the public. Because Young's sentence is within the advisory Guidelines range, it is presumptively reasonable. *United States v. Polihonki*, 543 F.3d 318, 322 (6th Cir. 2008).

Violating the terms of supervised release is a breach of trust between the defendant and the court. U.S.S.G. ch.7, part A(3)(b). A basic premise of supervised release is that the defendant shall not commit another offense under state law. *Id.* at § 5D1.3(a)(1). The defendant's attorney

acknowledges in his brief that the defendant's criminal conduct in this latest series of incidents could be seen as "alarming." Still, he argues that the defendant's mental illness and substance abuse were inadequately considered by the District Court.

Certainly the defendant's mental health and addiction issues were relevant to the sentence he received. But the record in this case reflects that the District Court exhaustively considered those issues during the revocation hearing, just as it had done on the two prior supervised release revocation hearings. The District Court clearly concluded that the defendant's latest conduct is troubling not simply because of the details of the incident, but because, in the words of his probation officer: it is an "escalati[on]" of his prior violent tendencies. As recounted by the attorney for the United States at the October 17, 2017, release violation hearing, the defendant demanded money from his mother, brutally assaulted her by throwing her over a bed and pulling out her hair, and then stepped on and killed a kitten on his way out of the house. He also told his mother that he would kill her if she didn't give him her cellphone. The Ohio state court sentenced the defendant to three years in prison for these offenses. The District Court considered these latest convictions all the more troubling because the defendant harmed the people closest to him while under the court's eye.

Even if we would have fashioned a different penological sentence for a defendant, that perspective would not justify reversing a sentencing determination. *Gall v. United States*, 552 U.S. 38, 51 (2007). The sentencing judge in this case had sentenced the defendant multiple times before. In fact, at a prior hearing in February 2016, the District Judge heard from the defendant's mother and attempted to craft a sentence that would restore the defendant's mental health. This latest revocation hearing was the latest entry in years of work by the District Court to stabilize the defendant. The judge extensively discussed these efforts on the record at the October 2017

hearing, setting forth in detail how the defendant's conduct fit into the factors specified by § 3553(a). She concluded that "all noncustodial options have been exhausted."

Contrary to the defendant's argument, the court considered the defendant's mental illness and substance abuse multiple times over the course of three separate release revocation proceedings. We cannot say that the District Judge's conclusions in this case were unreasonable. Nothing in the lengthy series of hearings conducted by the District Judge in working with this defendant indicates that the latest decision to sentence him was arbitrary. *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009).

## III. CONCLUSION

In short: the defendant's sentence was substantively reasonable, his arguments to the contrary are without merit, and the District Judge did not abuse her discretion. For all of the foregoing reasons, we **AFFIRM** the decision of the District Court to sentence the defendant to two years of incarceration to be served consecutively to his sentence in the state court system.