**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Damien Demon BAKER, Defendant–**
**Appellant.**

**No. 15–2268**

United States Court of Appeals,
Sixth Circuit.

July 18, 2016

Andrew Byerly Birge, Nils R. Kessler, Assistant U.S. Attorney, Grand Rapids, MI, for Plaintiff–Appellee.

Kenneth P. Tableman, Grand Rapids, MI, for Defendant–Appellant.

BEFORE: SUTTON, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM.

Damien Baker appeals the 24-month sentence the district court imposed following its revocation of his supervised release. We affirm.

In 2004, Baker pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Baker to 160 months of imprisonment followed by five years of supervised release. Upon the government's motion for a sentence reduction under Federal Rule of Criminal Procedure 35(b), the district court reduced Baker's sentence to 112 months of imprisonment. Baker subsequently filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which the district court granted, reducing his sentence to 96 months of imprisonment.

Baker's five-year term of supervised release began on June 2, 2011. A month later, Baker violated the conditions of his supervised release by associating with convicted felons, possessing open containers of alcohol in a vehicle, and consuming alcohol. The district court modified the conditions of Baker's supervised release, adding the following conditions: that he be placed on home confinement with electronic monitoring for six months, that he not use or possess alcoholic beverages or frequent places whose primary purpose is selling or serving alcohol, and that he not associate with anyone convicted of a felony, including family members, without prior permission. Less than two weeks later, the district court again modified the conditions of Baker's supervised release due to his continued use of alcohol and ordered six additional months of home confinement with electronic monitoring, for a total of twelve months, and a curfew from 11:00 p.m. to 6:00 a.m. In September 2012, shortly after the end of Baker's electronic monitoring, the probation office alleged that Baker had violated the conditions of his supervised release by associating with convicted felons, falsifying his monthly supervision reports, and committing a misdemeanor offense of removing property not his own. The district court again modified the conditions of Baker's supervised release, ordering him to reside at a residential reentry center for six months and to not be self-employed. In January 2015, after Baker pleaded guilty to a misdemeanor obstruction charge, the district court again modified the conditions of his supervised release to require 20 hours of community service.

In August 2015, the probation office petitioned the district court to issue a warrant for Baker's arrest, asserting that he had violated the conditions of his supervised release by: (1) committing another crime by possessing and using marijuana,

(2) possessing and using marijuana as confirmed by a positive drug test, and (3) failing to complete substance abuse testing as directed. The probation office subsequently filed an amended petition with five additional alleged violations: (4) that Baker was self-employed as the operator of a cleaning business, (5) that he entered into a loan agreement without the probation office's approval, (6) that he committed another crime by submitting monthly supervision reports containing false statements, (7) that he submitted false and incomplete monthly supervision reports by failing to report his self-employment and earnings and indicating that he did not use a post office box, and (8) that he associated with a convicted felon.

At a hearing before the district court, Baker pleaded guilty to all but two of the eight violations, disputing the third and eighth violations. Following testimony from the probation officer and Baker, the district court found Baker guilty of failing to complete substance abuse testing and not guilty of associating with a convicted felon. The district court calculated the imprisonment range as 18 to 24 months based on Baker's Grade B violations and his criminal history category of V. After reviewing a letter from Baker's longtime partner and hearing arguments and allocution, the district court sentenced Baker to 24 months of imprisonment and six months of supervised release to be served in a residential reentry center.

We review a sentence imposed upon revocation of supervised release under a deferential abuse-of-discretion standard for procedural and substantive reasonableness. *United States v. Bolds,* 511 F.3d 568, 575 (6th Cir.2007). Baker asserts that his 24-month sentence is (1) procedurally unreasonable because the district court failed to consider his mitigating arguments and (2) substantively unreasonable because it is disproportionate to his violations.

The district court "must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter,* 620 F.3d 642, 645 (6th Cir.2010). The district court is not, however, required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *United States v. Vonner,* 516 F.3d 382, 387 (6th Cir.2008) (en banc). Ultimately, to impose a procedurally reasonable sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Baker contends that the district court failed to consider his mitigating arguments about his disadvantaged upbringing and his contributions to the community by helping with his son's traveling basketball league. The district court specifically acknowledged Baker's argument about his upbringing:

> Regarding [counsel's] argument as to a bad upbringing, that is one of the discouraged factors, you might say, under the guidelines, but having said that, I think that has a lot to do with the way people behave. It's not an excuse because they have a lot of opportunities to make up their own minds regarding lifestyles, but nonetheless it is a matter that I think can be taken into consideration, at least in my mind.

R. 1034 at 51–52. The district court did not expressly reference Baker's involvement with his son's basketball team but paused the hearing to review the letter from his longtime partner describing that involvement.

The district court instead focused on Baker's history of supervised release violations: "He's accumulated numerous violations of supervised release and has had the conditions modified on four occasions, effectively adding eight special conditions. So he's had a lot of breaks here, intermediate sanctions and treatment .... And you get repeated breaks and nonetheless, you know, here we are again." *Id.* at 36–37, 47. The district court also addressed Baker's need for substance abuse treatment, pointing out that substance abuse was "one of the things that's getting him into trouble." *Id.* at 51. The district court therefore recommended that Baker receive substance abuse counseling in the Bureau of Prisons and ordered that he participate in a program of testing and treatment for substance abuse upon his release. Given the district court's discussion of these relevant sentencing considerations, the failure to mention Baker's involvement with the basketball team does not render his sentence procedurally unreasonable. *See United States v. Polihonki*, 543 F.3d 318, 325 (6th Cir.2008).

"A sentence is substantively reasonable if it is 'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient[,] but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a).'" *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir.2015) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir.2008)). We afford a rebuttable presumption of substantive reasonableness to Baker's sentence because it is within the applicable policy statement range. *See Bolds*, 511 F.3d at 581. Baker contends that his Grade B violations were comparatively minor and did not warrant a sentence at the top of the policy statement range. The district court emphasized the seriousness of Baker's conduct, pointing out that his lies were "even worse than a relapse" and that his dishonesty with his probation officer prevented her from doing her job. The district court also pointed out Baker's history of supervised release violations for which he had received repeated breaks. In light of the district court's express considerations, Baker has failed to overcome the presumption that his sentence is substantively reasonable.

For the foregoing reasons, we **AFFIRM** Baker's sentence.